UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| OTHA H. NOWLIN III, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 1:15-CV-139 JD |
| vs. | ) | |
| | ) | |
| LOGANSPORT STATE HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Otha H. Nowlin III, a *pro se* prisoner, filed a vague and confusing complaint under 42 U.S.C. § 1983. (DE 1.) He was granted leave to file an amended complaint and clarify his allegations in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). (DE 3.) Nowlin has now filed an amended complaint to clarify that he is suing the Logansport State Hospital for one million dollars surrounding his involuntary commitment there. (DE 4 at 13.) He also seeks to be released from custody. (*Id.*)

The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law."

-1-

*Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that: (1) the defendants deprived him of a federal constitutional right; and (2) the defendants acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

To the extent Nowlin seeks money damages from the Logansport State Hospital, this claim must be dismissed. A claim for money damages could not be maintained against the State of Indiana, as it is entitled to Eleventh Amendment immunity from a damages suit. *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987). Logansport State Hospital receives the same immunity because it is a State agency. *See MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999) (The Eleventh Amendment precludes lawsuits in federal court against a State agency for money damages except under circumstances not applicable here).

And, to the extent Nowlin seeks to be released from custody, as the court has previously explained, he must pursue such relief in a habeas proceeding under 28 U.S.C. § 2254, subject to the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement).

For these reasons, the court dismisses this case pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: August 11, 2015

                                                  /s/ JON E. DEGUILIO
                                                  Judge
                                                  United States District Court